# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| TERRY WALLACE,<br><br>      Plaintiff,<br><br>  v.<br><br>THE STATE OF MONTANA, ED McLEAN and LESLIE HALLIGAN, in their individual capacities, and the MONTANA SUPREME COURT, in their individual capacities, DOES 1-5,<br><br>      Defendants. | CASE NO. CV-18-103 RJB<br><br>ORDER ON DEFENDANTS' FED. R. CIV. P. 12 (B)(6) MOTION TO DISMISS |

This matter comes before the Court on the Defendants' Fed. R. Civ. P. 12 (b)(6) Motion to Dismiss. Dkt. 16. The Court has considered the pleadings filed regarding the motion, the remaining file, and telephonic oral argument heard on 3 April 2019.

On 8 November 2018, the Plaintiff filed this case, asserting that the individual Defendants Ed McLean and Leslie Halligan, judges in Montana state courts, the State of Montana, and the Montana Supreme Court violated his federal constitutional rights under the

ORDER ON DEFENDANTS' FED. R. CIV. P. 12 (B)(6) MOTION TO DISMISS - 1

Fourth and Fourteenth Amendments. Dkts. 1 and 3. The Plaintiff also makes state law claims. Dkt. 3. The Plaintiff seeks injunctive relief, damages, costs, and attorneys' fees. *Id.*

The Defendants now move to dismiss the case under Fed. R. Civ. P. 12 (b), arguing, in part, that they are entitled to immunity. For the reasons provided below, the motion to dismiss (Dkt. 16) should be granted and the case dismissed.

## I. FACTS

According to the Amended Complaint, in July of 2012, while licensed as a lawyer in Montana, the Plaintiff filed a lawsuit on behalf of a client against two defendants in the Montana Fourth Judicial District Court. Dkt. 3, at 3. The case was assigned to Defendant Judge McLean, who is being sued in his individual capacity for "acts and omission[s] occurring within the course and scope of [his] employment." *Id.,* at 2.

The Plaintiff maintains that Judge McLean "harbored a deep and long standing prejudice against Plaintiff which completely disqualified and barred him from assuming jurisdiction as a judge in the case." Dkt. 3, at 3. The Plaintiff alleges that Judge McLean did not recuse himself as he should have, and routinely violated Rules of the Montana Code of Judicial Conduct. *Id.* He asserts that Judge McLean "issued orders and judgments personally attacking Plaintiff, ma[de] derisive and false public statements about Plaintiff, personally, and about Plaintiff's professional conduct." *Id.,* at 4. The Plaintiff maintains that Judge McLean acted with "malicious intent" to drive the Plaintiff out of the practice of law and/or with complete disregard for the Plaintiff's rights. *Id.*

The Plaintiff asserts that in December of 2013 and January of 2014, Judge McLean ordered the Plaintiff pay Fed R. Civ. P. 11 sanctions in excess of $80,000, without affording the Plaintiff due process. Dkt. 3, at 4. He alleges that Judge McLean ordered the Plaintiff to pay $10,000 for

"lack of candor" sanctions, relating to conduct which was never charged and for which no hearing was held. *Id.* The Plaintiff maintains that Judge McLean also ordered sanctions against the Plaintiff for discovery violations without a hearing. *Id.*

The Plaintiff alleges that on January 2, 2018, the Justices of the Montana Supreme Court, acting in their "individual capacities within the course and scope of their employment," despite being aware of Judge McLean's "disqualifying prejudice," "adopted and ratified" Judge McLean's conduct, and "by so doing, were themselves disqualified from rendering any judgments against Plaintiff." Dkt. 3, at 2, 4-5. He alleges that they "issued orders, based on [Judge] McLean's orders and judgments, ratifying, adopting and enforcing reinstated sanctions against the Plaintiff." *Id.* The Plaintiff asserts that on October 30, 2018, the Montana State Supreme Court seized his license to practice law "without due process." *Id.*

The Plaintiff alleges that after Judge McLean retired, Judge Leslie Halligan "fully adopted a [sic] ratified [Judge] McLean's orders and judgments and being therefor disqualified for prejudice against the Plaintiff, reinstated sanctions against Plaintiff without a hearing." Dkt. 3, at 5. He asserts that she acted "with malice." *Id.* Judge Halligan is also being sued in her individual capacity for "acts and omission[s] occurring within the course and scope of [her] employment." *Id.,* at 2.

The Plaintiff maintains that the State of Montana, aware of Judge McLean's illegal conduct, was "deliberately indifferent to and acted in conscious disregard, for the need to investigate, control supervise and discipline [Judge] McLean regarding bias, prejudice, judicial ethics and conduct." Dkt. 3, at 5. He asserts that it "endorsed and encouraged the misconduct" of Judge McLean. *Id.*

The Plaintiff makes claims under federal law for violation of his Fourth Amendment right to be free from unreasonable seizures and his Fourteenth Amendment right to due process. Dkt. 3, at 6. He also makes a claim for "Unconstitutional Informal Custom and Policy" and for "Acting in Concert," in addition to asserting claims under state law for violations of the Montana Constitution, for intentional infliction of emotional distress, and for deceit. *Id.,* at 7-9. The Plaintiff seeks injunctive relief "barring all of the Defendants' actions against Plaintiff until the judgment of this Court." *Id.,* at 11. He also seeks damages, attorneys' fees, and costs. *Id.*

At oral argument, the Plaintiff acknowledged that all of his claims in this case arose from judicial acts of Defendants McLean, Halligan, and the Montana Supreme Court in the following exchange with the Court:

> THE COURT: Thank you, Mr. Wallace. Let me ask you a question here. I have read everything you have submitted. In your complaint, there are some things that directly stem from judicial acts. Other things that are a little more cloudy. Are all of your claims referred to as counts in your complaint, do they all stem from judges acting ostensibly within their authority or are there any extrajudicial acts that give rise to any of your claims?
>
> MR. WALLACE: As I understand your question, and you are talking about like those items that are listed in the register of actions, these are judicial acts. All the things I am complaining about are set forth in the register of actions. He didn't trip me in the hallway. He didn't slash my tires or any of that stuff. It is all stuff that he did in this case. Of course, my argument is that those things actually don't exist because he was disqualified when he did it.
>
> THE COURT: Well, I understand that argument. You have in the complaint unconstitutional informal custom and policy, intentional infliction of emotional distress, deceit, acting in concert. All of those, I think, are state law claims. Did all of those claims arise from ostensibly judicial acts?
>
> MR. WALLACE: Yes.
>
> THE COURT: Okay. Well—
>
> MR. WALLACE: Ostensibly what you are referring to as judicial acts, and what I don't like to refer to as judicial acts.

## II. DISCUSSION

### A. MOTION TO DISMISS STANDARD

Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547

### B. IMMUNITY

1. Federal Constitutional Claims Against the Individual Defendants and Judicial Immunity

"Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo,* 297 F.3d 940, 947 (9th Cir. 2002)(*internal quotations omitted*). The immunity "applies however erroneous the act may have been, however injurious in its consequences," and it extends to claims both for damages and for equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (*internal citations and quotations omitted*). There are two exceptions to judicial immunity:

(1) where rulings are issued with "a clear absence of jurisdiction," and (2) for non-judicial acts, *e.g.*, conduct unrelated to being a judge. *Id*.

The Amended Complaint offers no plausible theory for how either exception to immunity (clear absence of jurisdiction or non-judicial acts) could apply.

As to the first exception to judicial immunity, in his response, the Plaintiff asserts that Judge McLean's "prejudice arose a long time before the case, and his disqualification arose with it . . . [u]nder such circumstances, McLean acted with a clear absence of all jurisdiction." Dkt. 18, at 3 (refiled under seal at Dkt. 19). He maintains that the other Defendants knew of Judge McLean's prejudice against the Plaintiff, or should have been aware of it, and so should have questioned "his impartiality," known his "orders were void on their face," and so, "had no discretion in dealing with [Judge] McLean's judgments." *Id.,* at 4. Plaintiff points to no authority which supports his position that bias, prejudice or malice strips a judge (and later reviewing courts) of jurisdiction. This argument – that Judge McLean was biased, prejudiced and harbored malicious intent toward the Plaintiff, and so should have recused himself, and in failing to recuse lost all jurisdiction – is central to the Plaintiff's case. Unfortunately for Plaintiff, the argument is wrong. Bias, prejudice, and malice do not result in a loss of jurisdiction.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)(*internal quotation marks omitted*). Judges McLean and Halligan, as judges for the Fourth Judicial District Court of Montana, were vested with original jurisdiction over all civil matters, including the authority to issue orders and judgments in cases like the one the Plaintiff filed in July of 2012. Mont Code Ann. § 3-5-302 (1)(b). Under Mont Code Ann. § 3-1-403 and

§3-1-501, both judges were authorized to sanction parties for contempt, including the imposition of fines. There is no plausible inference or argument that the acts complained of here by Judges McLean and Halligan – orders for payment of sanctions, for example - "were in the clear absence of all jurisdiction."

Further, the decisions of the Montana Supreme Court justices, to affirm the decisions of Judges McLean and Halligan, and the decision to disbar the Plaintiff, are protected by judicial immunity. "Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, at 356 (*internal quotation marks omitted*). There is no showing that the Montana Supreme Court justices did not have jurisdiction to review the decisions by Judges McLean and Halligan or to determine whether the Plaintiff should be susspended. Mont. Code Ann. § 3-2-204 authorizes the justices of the Montana Supreme Court to "affirm, reverse, modify a judgment or order appealed from." Further, under Mont. Const. Art. VII, § 2, the Montana Supreme Court has the power to make rules governing the conduct of members of the Montana bar association. The Montana Rule of Disciplinary Enforcement 7 provides that: "[a]ny lawyer who is a member of the State Bar of Montana is subject to the disciplinary jurisdiction of the Supreme Court of Montana." There is no showing that the justices did not have jurisdiction to issue the rulings of which Plaintiff complains.

There is no plausible argument or inference that the acts were "non-judicial acts," so the second exception to judicial immunity does not apply. All of Judge McLean's, Judge Halligan's, and the Montana Supreme Court justices' acts complained of here relate to the judicial process.

Judges McLean and Halligan and the justices on the Montana Supreme Court have absolute judicial immunity from this suit. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th

Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction). While the Plaintiff does not name the justices individually in this case, his Amended Complaint asserts that the Montana Supreme Court was "acting in their individual capacities within the course and scope of their employment." Dkt. 3, at 2. Accordingly, to the extent that the Plaintiff asserts claims against the Montana Supreme Court "individually," the Court will construe those claims as claims against the individual justices. In any event, the Plaintiff attempts to attack the merits of judicial decisions, which are precisely the type of acts protected by judicial immunity. Even if, as alleged, the consequences of a judicial decision are detrimental to the Plaintiff, that does not give this Court a legal basis to disregard the judicial immunity afforded to judges who act as judges.

The federal constitutional claims asserted against the individual Defendants and the Montana Supreme Court should be dismissed because they are entitled to absolute judicial immunity.

### 2. Federal Constitutional Claims Against the State of Montana

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

To the extent that the Plaintiff makes federal constitutional claims against the State of Montana those claims should be dismissed. States, or state officers acting in their official capacity, and state agencies, are not "persons" for purposes of § 1983 liability. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989); *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir. 1997). The § 1983 claims against the State of Montana should be dismissed.

3. State Law Claims Against the State of Montana and Individual Defendants

In order to determine whether the individual Defendants are entitled to judicial immunity for the Plaintiff's state law claims, substantive Montana law applies. *Bass v. First Pacific Networks, Inc.,* 219 F.3d 1052, 2055, n. 2 (9th Cir. 2000). Mont. Code Ann. § 2-9-112, "Immunity from Suit for Judicial Acts and Omissions," provides: "(1) The state and other governmental units are immune from suit for acts or omissions of the judiciary. (2) A member, officer, or agent of the judiciary is immune from suit for damages arising from the lawful discharge of an official duty associated with judicial actions of the court." Although judicial acts may be wrongful, or contrary to the Code of Judicial Conduct, for immunity purposes, that does not make the acts unlawful.

Based on the plain language of Mont. Code Ann. § 2-9-112 (1), the state law claims asserted against the State of Montana should be dismissed because it is immune from suit for acts of the judiciary like the ones complained of here. Section 2-9-112 (1) specifically provides that the State of Montana is not responsible for judicial acts. *Brunsvold v. State,* 250 Mont. 500 (1991)(State of Montana and the Montana Department of Institutions entitled to immunity under § 2-9-112 (1) from claim of wrongful incarceration based on actions implementing judicial act - that of sentencing). This is particularly true where, as here, members of the judiciary are sued in their individual capacities. The Plaintiff points to Article II, § 18 of the Montana Constitution, which provides: "The state . . . shall have no immunity from suit for injury to a person or property." The Plaintiff's argument is unavailing. Montana's waiver of its sovereign immunity in Article II, §18 of is constitution, is limited to cases filed in Montana courts. *State of Montana v. Gilham*, 133 F.3d 1133, 1138 (9th Cir. 1998).

Under both Mont. Code Ann. § 2-9-112 (2) and Montana case law, the state law claims asserted against the individual judges and justices should be dismissed. In Montana, "[j]udges are not entitled to judicial immunity when their act (1) is not normally a function performed by a judge, and (2) the judge acts in the clear absence of all jurisdiction." *Hartsoe v. Tucker*, 371 Mont. 539, 541, 309 P.3d 39, 41 (2013)(*internal quotation marks omitted*). As above, there is no plausible argument or inference that the judges and justices here were not acting as judges or justices when they took the acts of which the Plaintiff complains or that they acted in the absence of jurisdiction. The individual Defendants are immune from suit in regard to the Plaintiff's state law claims. The state law claims in the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6).

### C. LEAVE TO AMEND AND OTHER MATTERS

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, any attempt by Plaintiff to amend the Amended Complaint would be futile, because all the allegations are based on judicial rulings by the Defendants for which they are entitled absolute judicial immunity. Leave to amend should not be granted and this case should be dismissed.

The Court need not reach the question of whether that the Plaintiff's claim for injunctive relief runs afoul the *Rooker-Feldman* doctrine because all claims against all Defendants should be dismissed.

The doctrine of judicial immunity can yield harsh results. If the acts the Plaintiff complains of were, in fact, based on prejudice and not on their merits, none of this should have happened.

The law, nevertheless, leaves the Plaintiff without recourse, except, perhaps, through the ballot box.

### III. ORDER

**IT IS ORDERED**:

- Defendants' Fed. R. Civ. P. 12 (b)(6) Motion to Dismiss (Dkt. 16) **IS GRANTED**; and
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of April, 2019.

ROBERT J. BRYAN
United States District Judge